BRUCE v. BICKERTON, et al.

Decided August 26, 1881.

1. There is no statutory bar to surcharging and falsifying an account of a fiduciary.

2. In a suit for contribution it appears that one of the co-sureties in the bond is dead, that he had made a will authorizing his executrix to sell the real estate; the widow was executrix and sold the real estate and joined as widow in the deed to the purchaser, as she avers in her answer, as such executrix; she also avers that no dower has been assigned her. The answer is sworn to and nothing appears in the record to show, that it is not true. It was rejected by the court. The court erred in rejecting the answer, but should have allowed it to be filed, and should have directed the widow to be made a party in her own right, and enquired into the fact, as to whether she was entitled to dower.

3. In a suit in equity for contribution it is not necessary to make parties to the suit the personal representatives of insolvent deceased co-sureties, for whom the plaintiff has been compelled to pay money as a co-surety.

4. But in that case the plaintiff takes the risk of their insolvency being denied in the answer; and unless the allegation of insolvency is proved, when so denied, no decree can be rendered unless their personal representatives are before the court.

5. In a suit in equity for contribution it is generally necessary to have the personal representatives of every deceased solvent co-surety of the plaintiff before the court, and to settle the estates of such deceased parties, if need be, or if such deceased parties had no personal estate, but owned real estate, it would in such a suit be necessary to have the heirs of such deceased sureties before the court, to the end that the whole matter might be settled in one suit, and proper contribution made by each party or estate real or personal, liable to contribution, unless the party claiming contribution, who is entitled thereto, elect to take a decree against the defendant sued in full discharge of his liability for the least amount, which he would be entitled to recover against him, if all the sureties were solvent.

Appeal from and *supersedeas* to a decree of the municipal court of Wheeling, rendered on the 20th day of April, 1878, in a chancery cause in said court then pending, wherein John Bruce was plaintiff and Alexander Bickerton, executor of Robert Bickerton, deceased, and others were defendants, allowed upon the petition of Isabella Bickerton and William Wilson.

Hon. G. L. Cranmer, judge of the municipal court of Wheeling, rendered the decree appealed from.

JOHNSON, PRESIDENT, furnishes the following statement of the case :

At April rules, 1876, John Bruce filed the following bill in the municipal court of Wheeling :

"Humbly complaining, your orator, John Bruce, respectfully shows unto your Honor as follows:    That on the 26th day of October, 1857, he entered into a certain bond, dated as aforesaid, as one of the sureties of Thomas Grey, who had been appointed or qualified as the executor of the last will and testament of one Thomas Oman, then late of Ohio county, which bond was in the penalty of $8,000.00 and was duly executed by the said Thomas Grey, Lynn Ratcliff, Thomas Ratcliff, Joseph Britt, Robert Bickerton, William Limerick and your orator, all of which will more fully appear by reference

to a copy of said bond herewith filed marked exhibit No. 1, and prayed to be read as a part hereof; that said Thomas Grey acted as such executor for a considerable period of time, and collected various sums of money and paid a part of the debts due from his testator, and said Grey, after having served as such executor for about eighteen months after the date of said bond, left this state and went to the state of Ohio, and permanently resided in the last named state thereafter, without having settled the estate of the said Omans, nor did he pay over to any one the money collected by him, and permitted a great waste of said estate to take place; that on the 23d day of October, 1867, Robert Moore & Brother, creditors of the estate of the said Thomas Oman, brought a suit in chancery in the circuit court of Ohio county, West Virginia, against the said Thomas Grey, executor as aforesaid, together with your orator and the sureties hereinbefore named, or the representatives of such of them as were then dead. A copy of the writ in said cause is herewith filed marked exhibit No. 2, and prayed to be read as a part hereof; that on or about the — day of ——, 186–, Robert Bickerton, one of your orator's co-sureties in said bond (exhibit No. 1) departed this life, having made a will, and named therein as his executors, Isabella Bickerton and Alexander Bickerton; that said executrix and executor qualified as such and gave the bond required by the recorder of Ohio county, West Virginia, with Arthur Bickerton and William Wilson as sureties in said executorial bond. All of which will more fully appear by a reference to a copy of said bond and order herewith filed marked exhibit No. 1 and 2 respectively.

"Your orator further says that said suit of R. Moore & Brother against the parties hereinbefore named in the court aforesaid, was revived against the said Isabella Bickerton, executrix, and Alexander Bickerton, executor, of the last will of Robert Bickerton, deceased, on the — day of ——, 1869, as will more fully appear by a copy of a decree rendered in said cause, on the 3d day of December, 1869, filed herein and prayed to be read as a part hereof; said copy is marked exhibit No. 3; that various proceedings were had in said cause, from that the last named date, until the 19th day of June, 1875, when a final decree was rendered therein against your

orator with the said Thomas Grey, Thomas Ratcliff, Margaret Ratcliff and John Gilchrist, jr., the administratrix and administrator of Lynn Ratcliff, deceased, Thomas J. Campbell, administrator of Joseph Britt, deceased, Alexander Bickerton and Isabella Bickerton, executor and executrix, of Robert Bickerton, deceased, and William W. Blanchard, jr,, administrator of William Limerick, deceased, for various sums of money, amounting in the aggregate to the sum of $———, and the costs of said suit, $188.20, all of which will more fully appear by reference to a copy of said decree herewith filed marked exhibit No. 4, and prayed to be read as a part hereof; that on the — day of June, 1875, an execution issued on said decree, and was about to be levied upon your orator's property, when he with the said Thomas Ratcliff paid off the same, and that in so paying off and discharging said decree and execution he expended of his own money the sum of $———, and the said Thomas Ratcliff paid an equal sum. And your orator says that he has not been paid or reimbursed by any of his co-sureties on said bond either in whole or in part for his expenditure aforesaid.

"Your orator further says that all of his co-sureties on said bond are dead, with the exception of the said Thomas Ratcliff; that they all died utterly insolvent, with the exception of the said Robert Bickerton, who on the day of his death left personal property and a piece of real estate in the city of Wheeling, which was then worth about three thousand dollars; that said Robert Bickerton made his will, in which he named his then wife, Isabella Bickerton, as executrix, and the said Alexander Bickerton, as his executor, and devised his said real estate to them to be sold; all of which will more fully appear by reference to a copy of said will, herewith filed marked exhibit No. 5, and prayed to be read as a part hereof; that on the 8th day of April, 1867, said will was duly admitted to probate by the then recorder of Ohio county, West Virginia, and the said Isabella Bickerton and Alexander Bickerton there qualified as executrix and executor of said will, and entered into and acknowledged an executorial bond in the penalty of $4,000.00, with Arthur Bickerton and William Wilson as their sureties; a copy of said bond is herewith filed, marked exhibit No, 6, and prayed to be read as a part hereof;

that afterwards, to wit: on the 4th day of October, 1870, on the order of the recorder of Ohio county, West Virginia, said executrix and executor executed a new bond, with Richard Wilson as surety ; a copy of said order and bond are herewith filed, marked respectively exhibit No. 7 and exhibit No. 8, and prayed to be read as a part hereof; that on the 16th day of September, 1870, the said executrix and executor sold the said real estate owned by the said Robert Bickerton at his death to one Andrew Maurer, for the sum of $3,000.00, as is shown by the deed on record therefor ; that on the 25th day of February, 1871, the said executrix and executor filed their final account as such fiduciaries of the receipts and expenditures made by them, and as having been passed upon by James P. Rogers, a commissioner. A copy of said final account is herewith filed, marked exhibit No. 9, and prayed to be read as a part hereof. It will be seen by an inspection of said account, that on the 30th day of October, 1870, said executrix and executor credited themselves with the sum of $1,730.00 as having been paid to the said Isabella Bickerton for a debt contracted subsequent to the death of said Robert Bickerton.

" Your orator further shows, that they also credited themselves with various sums of money for repairs made on the real estate of their decedent. Said account further shows that said executrix and executor charged themselves with having received the sum of $2,000.00 on the sale of said real estate, and your orator charges the fact to be, that they actually received the sum of $3,000.00 therefor.

" Your orator further charges that all of the items of said account, which shows a credit for money paid out on bills contracted subsequent to the death of the said *of the said* Robert Bickerton, are improper charges and ought not to be allowed. He further charges that said executrix and executor have squandered the money and property belonging to said estate, which came to their hands as such fiduciaries, and have not disbursed the same according to law.

" And your orator further charges that they have concealed the true condition of the estate of their decedent, in not reporting the true amount of purchase-money realized from the sale of the real estate aforesaid.

" Your orator further charges that the said executrix and

executor had notice, to wit, on the 19th day of June, 1868, of the claims against and liability of their said decedent's estate, sought to be recovered in the suit of Robert Moore & Brother, against Oman's executor and others, as hereinbefore recited and set forth.

"All which actings, doings and pretences are contrary to equity and good conscience, and tend to the manifest injury of your orator, and as your orator is remediless at and by the strict rules of law, he prays that proper process may issue against Isabella Bickerton and Alexander Bickerton, executrix and executor of the last will of Robert Bickerton, deceased Arthur Bickerton, William Wilson, Richard Wilson and Thomas Ratcliff, and that they be made parties hereto ; that each of them be compelled to answer the premises as fully as if they were here again repeated and they specially interrogated thereto ; that your Honor would be pleased to decree against the said Robert Bickerton's estate for a proportion of the sum of money which your orator has been compelled to pay as a surety, as hereinbefore set forth ; that an account may be taken under the order of this court of the transactions of the said Isabella Bickerton and Alexander Bickerton as executors' and that their account filed by them may be surcharged and falsified.

"Your orator further prays that the decree of this court may be made against the said executor and executrix and their bondsmen hereinbefore named, for all sums of money which they or either of them have wrongfully paid out as against your orator's said claim, as well as for such moneys as they or either of them have received belonging to said Robert Bickerton's estate, and concealed by them and appropriated to their own use ; and that he may have such other and further general relief as his case may require or to equity may seem meet.   And he will ever pray, &c."

To this bill Isabella Bickerton, executrix, &c., tendered the following answer :

"This defendant, for answer to said bill, says that she has no knowledge of the execution of a bond by her decedent with others as security of one Thomas Gray, as executor of the last will and testament of Thomas Oman, deceased, as set forth in the said bill, a copy of which said bond is filed with

the said bill and marked Exhibit No. 1; neither has she any knowledge of any of the transactions or legal proceedings by Robert Moore & Brother, as creditors of the estate of Thomas Oman, deceased, as set forth in said complainant's bill of complaint; that on the 11th day of January, 1867, Robert Bickerton, her decedent, departed this life, having made a will, a true copy of which, as this defendant believes, is fully set out in Exhibit No. 5 to complainant's bill of complaint; that thereafter, on the 8th day of April, 1867, she renounced the provisions of said will and claimed her dower interest as the widow of said Robert Bickerton, deceased, in all the real estate and personal property of which said Robert Bickerton died seized, as will more fully appear by a copy thereof, which was duly recorded in the then recorder's office (now clerk's office of the county court) of Ohio county, West Virginia, a duly certified copy of which is herewith filed with this answer marked Exhibit "A" and asked to be read as a part thereof; that she qualified as executrix of the estate of Robert Bickerton, deceased, as set forth in said bill of complaint; but this defendant denies that any chancery suit of Robert Moore & Brother was ever revived against this defendant, as widow or executrix of the estate of Robert Bickerton, deceased, as averred in said complainant's bill of complaint, or that any process reviving said suit was ever served upon her, either in her capacity as widow or executrix of the last will and testament of Robert Bickerton, deceased, neither did she know that she was in any way connected with said suit until some time after the rendition of the decree in said cause on the 19th day of June, 1875, as set forth in complainant's bill, when this defendant was informed by Thomas Ratcliff, one of the defendants to this bill, that such a decree had been rendered, but the nature and effect of which she was even then wholly ignorant. The defendant denies that she has, as executrix, squandered the money and property belonging to the estate of her decedent, which came into her hands as executrix.

"And she further denies that she has not distributed the same according to law, as charged in said bill. She further denies that she had any knowledge of the claims and liabilities, if there be any, of her said decedent's estate, sought to be

recovered in the suit of *Robert Moore & Brother* v. *Oman's executor and others*, on the 19th day of June, 1868, or at any time thereafter, until informed by the defendant, Thomas Ratcliff, as in this answer above set forth.

"She further says that on the 16th day of September, 1870, she and Alexander Bickerton, as executrix and executor, sold the real estate owned by Robert Bickerton at his death to one Andrew Mauer for three thousand dollars ($3,000.00); that out of the proceeds of said sale she paid all of the debts of her decedent of which she had any knowlodge; that thereafter, on the 1st day of November, 1870, this defendant, as executrix, and Alexander Bickerton, as executor of the last will and testament of Robert Bickerton, deceased, filed an account with vouchers therefor of their receipts and disbursements as such executrix and executor before James P. Rogers, a commissioner of the circuit court of Ohio county, West Virginia, authorized to make such settlement; that due notice of such settlement was given by posting at the front door of the court house of Ohio county, West Virginia, as provided for by law, and that more than ten days elapsed after such notice was posted as aforesaid before the said commissioner proceeded to make up the account; that the debit side of said account was proved by vouchers and other evidence to the satisfaction of the said commissioner and a balance found due to this defendant as executrix of $61.90; that said settlement was a final statement of this defendant's account as executrix of the last will and testament of Robert Bickerton, deceased; that said account was certified on the 2d day of January, 1871, by the said commissioner, James P. Rogers; and by this defendant and Alexander Bickerton, executrix and executor as aforesaid, duly filed and recorded in the recorder's office of Ohio county, West Virginia, on the 25th day of February, 1871, as a final settlement of this defendant's executorial account; all of which appears by reference to exhibit No. 9 filed with complainant's bill; that at the time of said settlement this defendant had no knowledge that her decedent's estate was indebted in any sum whatever to any party whatsoever which at that time had not been fully paid by this defendant, and vouchers therefor filed before the commissioner as aforesaid in the settlement as aforesaid; that the real estate

said to have been sold was sold for $3,000.00, was appraised at the sum of $2,000.00, and it was understood between this defendant and the heirs-at-law of Robert Bickerton that the difference between $3,000.00, the amount said property sold for, and $2,000.00, the appraised value, would not exceed this defendant's dower interest therein, the commission she was entitled to as executrix on receipts and disbursements, and the sum of $61.90, due her upon said final settlement; that this defendant was in her thirty-eighth year of age at the time of her said husband's death, and no dower interest has ever been set aside, decreed to her, or paid to her out of said estate of her said husband, Robert Bickerton, deceased, except the amicable adjustment in relation thereto last above mentioned; this defendant denies that Joseph Britt, one of the co-obligors of Robert Bickerton, her decedent, on the bond of Thomas Gray, as executor of Thomas Oman, deceased, is totally insolvent, but avers that at his death he left an estate of both real and personal property; this defendant also denies that the estate of William Limerick, deceased, one of the co-obligors on the bond of Thomas Gray, executor of Thomas Oman, deceased, is insolvent, but says that she is informed and believes, and avers the fact to be, that at the death of William Limerick he was the owner in fee simple of the whole of the west half of lot number one hundred lying on Clay street in that part of the city of Wheeling known as East Wheeling, and also the east half of lot number one hundred and one, situate on Clay street between Sixth and Seventh streets in that part of the city of Wheeling called East Wheeling, and also that the said William Limerick had a considerable sum of money, to wit, the sum of $1,000.00, at the time of his death, and other personal property came into the hands of William W. Blanchard, Jr., administrator of the estate of William Limerick, deceased; that the debt of Robert Moore & Brother, ascertained by the decree of June 19th, 1875, was one of the debts for which the estate of William Limerick was liable at the time of his death, and was a lien against the said property, and should have been settled before any distribution of the said property was made, and if said distribution has been made, the heirs-at-law should be now compelled to come into court and account for any portion that came into their hands;

that said real estate, together with the improvements thereon was of great value, as this defendant is informed, to wit, the sum of five thousand dollars ($5,000.00); that afterwards, to wit, on the 14th day of March, 1867, C. P. Limerick and D. F. Limerick, as heirs-at-law of William Limerick, deceased, undertook to convey the real estate of which William Limerick died siezed to Elizabeth Limerick, the wife of William Limerick, deceased; and that afterwards, to wit, on the 29th day of June, 1868, the said Elizabeth Limerick made a will, by which she devised a portion of the said real estate above described, to wit, the one half of lot of ground situated on the south side of Clay street, in the city of Wheeling, and all of her personal estate, to Mary A. Deal, wife of Eli Deal, of Montgomery county, Ohio, and appointed I. Z. Blanchard, of Ohio county, West Virginia, as her executor, and afterwards, to wit, on the 3d day of March, 1876, the said Elizabeth Limerick died.

"This defendant further says, that at the time of said Elizabeth Limerick's death, she had about $800.00 in bank, which came into the hands of the said I. Z. Blanchard, as executor; that the said $800.00 was money belonging to the estate of William Limerick, deceased, and did not belong to the estate of the said Elizabeth Limerick, but had been placed in the bank in her name to conceal the same from the creditors of the said William Limerick, deceased.    This defendant is informed and believes, and charges the fact to be, that the conveyance of C. P. Limerick and D. F. Limerick to Elizabeth Limerick, widow of William Limerick, was without consideration and void, and should be set aside as against the creditors of the said William Limerick.

" This defendant further says that the said plaintiff ought not to be allowed to open up her executorial account, and surcharge and falsify the same, for the reason that she has made final settlement of the same before the authority legally authorized to make such settlements, and that the same was done in accordance with the laws then in force, and was found to be correct in every particular, and for the further reason that this suit to surcharge and falsify her said executorial account, was not brought within five (5) years after said executorial account had been finally settled.    But if said

executorial account should be opened up, she asks that W. W. Blanchard, Jr., administrator of William Limerick, deceased, C. P. Limerick and D. F. Limerick, heirs at law of William Limerick, deceased, I. Z. Blanchard, executor of the last will and testament of Elizabeth Limerick, deceased, widow of William Limerick, deceased, and Mary A. Deal, wife of Eli Deal, as sole devisee of the said Elizabeth Limerick, deceased, be made parties defendant to this suit; that this cause be referred to one of the commissioners of this court to ascertain what estate, if any, William Limerick died seized of which should have been applied to the payment of the claim of Robert Moore & Brother, and that an account be taken of the dower interest of this defendant in the real estate of her decedent at the time of her said husband's death, and also to enquire what estate, if any, came into the hands of W. W. Blanchard, Jr., as administrator of the estate of William Limerick, deceased, and what personal property came into the hands of I. Z. Blanchard as executor of the last will and testament of Elizabeth Limerick, deceased, that belonged to and was the proceeds arising from the estate of William Limerick, dec'd; and for such other, further and general relief as she may be entitled to. And she will ever pray, &c."

The complainant filed the following exceptions to the answer of the said Isabella Bickerton :

"The complainant excepts to the answer of Isabella Bickerton, executrix, &c., filed in the above entitled cause on the 4th day of April, 1878, for the following reasons :

"1. So much of said answer as denies the knowledge of respondent of "the transactions or legal proceedings by Robert Moore & Brother, as creditors of the estate of Thomas Oman, deceased, as set forth in said complainant's bill of complaint," is evasive and in contradiction of a record of a judicial proceeding which is made a part of the bill and proceedings in this cause.

"2. So much of said answer as denies the revivor of the suit R. Moore & Brother against said respondent, as alleged in the bill in this cause, is in contradiction of the record of a judicial proceeding which is made a part of the bill and proceedings in this cause.

"3. So much of said answer as denies any knowledge on the part of respondent of a legal liability or claim against her testator's estate, as alleged in the bill in this cause, is in contradiction of a record of a judicial proceeding which duly appears in this cause.

"4. That so much of the answer as sets up an agreement of respondent with the executor, Alexander Bickerton, and the heirs-at-law of said Robert Bickerton, is immaterial, insufficient and no answer to the complainant's claim for relief.

"5. So much of said answer as pretends to set up the solvency of the estate of Joseph Britt at his death, is insufficient, evasive, and ought not to be replied to.

"6. So much of said answer as alleges the solvency of the estate of William Limerick and its liability to contribute among the sureties is insufficient to call in the representatives of said decedent and put this exceptor to the expense and delay of prosecuting a suit against said representatives of said Limerick.

"7. That so much of said bill as sets up the lapse of five years or more as a bar to the rights of this complainant to so surcharge and falsify the accounts of the executor and executrix of Robert Bickerton, deceased, is insufficient and does not state any rule of law on the subject.

"8. That so much of said answer as prays a reference to a commissioner of this court is improper, and such prayer ought not to be granted, even if all the allegations therein contained were true.

"For all of which reasons this exceptor ought not to be compelled to reply to said answer, and the same ought to be rejected as insufficient."

The court sustained the exceptions to the answer, and without giving the defendant, Isabella Bickerton executrix, &c., a rule to file a sufficient answer, decreed against the estate of her testator as prayed in the bill, and without reference to her individual claim of dower, she having, as the record shows, renounced her husband's will.

Depositions were taken to prove the allegations of the bill in connection with the exhibits filed with the bill. Nine exhibits accompany the bill. The first is the executorial bond of

Thomas Grey, executor of Oman. The second is the summons in chancery against Thomas Grey, executor, and others, among whom was Robert Bickerton, to answer the bill of Moore & Bro. This process as to Robert Bickerton is returned "no inhabitant." The third is a decree in the said case of Moore & Bro. vs. Grey, executor, and others, referring said cause to a commission to settle the estate of Thomas Oman, &c , in which decree, it is said, it appeared, that process had been served upon certain defendants, among them " Alexander Bickerton and Isabella Bickerton." How they were brought into the cause and in what capacity, whether as executor and executrix of the last will of Robert Bickerton, the record fails to declare. The fourth is a decree in said cause of Moore & Bro. vs. Grey, executor, and others, in which the court passes upon the commissioner's report confirming the same, and "decrees that the defendants, Thomas Grey, John Bruce, Thomas Ratcliff, Margaret Ratcliff, and John Gilchrist, Jr., the administratrix and administrator of Lynn Ratcliffe, deceased, Thomas J. Campbell, administrator of Joseph Britt, deceased, Alexander Bickerton and Isabella Bickerton, executor and executrix of Robert Lickerton, deceased, and William W. Blanchard, Jr., the administrator of William Limerick, deceased, do pay as hereinbefore set forth, such payments to be made out of the assets of their decedents in their hands to be administered." Then follows the different sums required by them to be paid. The fifth is the will of Robert Bickerton, deceased. The sixth and seventh, bonds of the executor and executrix of Robert Bickerton, deceased. The eighth, notice to the said executor and executrix to give new bond as such. The ninth is the settlement of the accounts of the executor and executrix of the will of Robert Bickerton, deceased.

It appears from exhibit eight filed with plaintiff's bill, that at the instance of William Wilson, a surety on the first executorial bond, on the 17th day of September, 1870, "on motion of and on evidence adduced," it was ordered by the recorder of Ohio county, that said principals in said bond, Isabella Bickerton, executrix, and Alexander Bickerton, executor, of the will of Robert Bickerton, deceased, be summoned, &c.; and on the same day the summons issued and was served on

them on the 21st of September, 1870.  The summons required them to appear before the recorder of Ohio county on the 3rd day of October, 1870, "to execute and give a new bond, with such security as the said recorder might approve, as said executrix and executor of the will of Robert Bickerton, deceased, to the relief of William Wilson, a surety and petitioner," &c. The said parties so summoned appeared on the said 3rd day of October and asked further time, and time was given until the next day, when, as an order of the said recorder shows, they executed a new bond as required in the same penalty of the former bond, with Richard Wilson as surety in place of said William Wilson; and the order states that "said bond was thereupon approved and the parties ordered to report the condition of said estate, their receipts and expenditures forthwith."

Then appears copied into the record, but which, as far as I can ascertain, is no part thereof, as it is not recognized by any decree in the case, the answer of William Wilson, in which he pleads the execution of said new bond in full discharge of himself.

The cause was referred to a commissioner, and the former settlement of the executor and executrix of Robert Bickerton, deceased, was surcharged and falsified in the particulars prayed for in the bill by charging the said executor and executrix with $3,000.00, the money received from the sale of Robert Bickerton's real estate, which under the will they were empowered to sell, instead of $2,000.00, with which they were charged in the settlement; and also by disallowing the credit of $1,730.00 " boarding, lodging and washing for four children for three years, nine months and six days," as allowed in the settlement.  No exception was filed to the commissioner's report, and the court, by its decree of the 20th of April, 1878, after sustaining the exceptions to the answer of Isabella Bickerton, executrix, &c., confirmed the said report, and required the estate of Robert Bickerton to contribute to the payment of the moneys that had been paid by John Bruce, the plaintiff, and the defendant Thomas Ratcliff, co-sureties with Robert Bickerton, as aforesaid, it appearing from the report, that John Bruce had paid as such surety $1,702.10, and Thomas Ratcliff, $1,786.08.  The decree therefore re-

quired the said Alexander Bickerton, Isabella Bickerton and William Wilson, the principal and sureties in the bond to pay to the plaintiff John Bruce $666.64 with interest, and to the defendant Thomas Ratcliff $699.54 with interest, and the costs of the suit.

From and to this decree an appeal and *supersedeas* was granted by this court on petition of Isabella Bickerton and William Wilson.

*John J. Jacobs,* for appellants.

*R. G. Barr* for appellees cited the following authorities: 8 Gratt. 453; *Id.* 220; 1 Dan. Chy. Pr. 270; 10 W. Va. 228; 24 Gratt. 284; 10 Leigh 452; 3 Leigh 348; 8 W. Va. 1.

JOHNSON, PRESIDENT, announced the opinion of the Court:

Should the exceptions to the answer of Isabella Bickerton, executrix, have been sustained, and the said answer rejected? It has been settled by this Court, that the object of exceptions to an answer is, to direct the attention of the Court to the points excepted to, and to take its opinion thereon, before further proceedings are had, to the end that if the answer is insufficient, a better answer may be compelled, or if scandalous or impertinent, that such matter may be expunged. Exceptions for insufficiency of an answer according to the general rules of equity practice can only be sustained, when some material allegation, charge or interrogatory in the bill is not fully answered. Exceptions founded on verbal criticisms, slight defects or the omission of immaterial matter will be disallowed and treated as vexatious. *Richardson* v. *Donahoo,* 16 W. Va. 685.

The *first, second* and *third* exceptions to the answer might have been overruled, because if she, as averred in her answer, was not a party to the suit of *Robert Moore & Bro.* v. *Thomas Oman's executor et al.,* she might not be bound by the decree therein, and her right to show, that she was not such party, ought not to be denied upon mere exceptions to her answer.

The seventh exception is, that so much of the answer as sets up the bar of five years to the right of the plaintiff to surcharge and falsify the accounts of Isabella Bickerton, executrix, is no defence to the claim of the plaintiff. It is true,

that there is no statutory bar to surcharging and falsifying the accounts of a fiduciary. *Burwell* v. *Anderson*, 3 Leigh 338; Code of 1868, chap. 87 sec. 22.

The fifth and sixth exceptions are to so much of the answer as sets up the solvency of the estate of Britt and Limerick, two of the joint obligors on the executorial bond of Grey. These exceptions were improperly sustained. The bill alleged the insolvency of the estates of Britt and Limerick; the answer not only denies these allegations, but attempts to show what estate they had at the time the answer was tendered; and therefore the answer was improperly rejected. The eighth exception is to the prayer of the answer, that the cause might be referred to a commissioner to ascertain and report what estate said Britt and Limerick had, that said estate might be required to contribute to the payment of plaintiff's claim. There is certainly nothing impertinent in this prayer, and if upon the filing of the answer the court might not deem it proper to refer the cause to a commissioner for the purpose prayed, it might upon further depositions being taken properly so refer it.

The fourth exception to the answer is, that so much thereof as sets up an agreement of respondent with the executor, Alexander Bickerton, and the heirs at law of said Robert Bickerton is immaterial, insufficient and no answer to the complainant's claim for relief. That portion of the answer referred to is as follows: " That the real estate said to have been sold for $3,000.00 was appraised at the sum of $2,000.00, and it was understood between this defendant and the heirs at law of Robert Bickerton, that the difference between $3,000.00, the amount the property sold for, and $2,000.00, the appraised value, would not exceed this defendant's dower-interest therein, the commission which she was entitled to as executrix on receipts and disbursements, and the sum of $61.90 due her upon said final settlement; that this defendant was in her thirty-eighth year at the time of her husband's death, and no dower-interest has ever been set aside, decreed to her, or paid to her out of said estate of her said husband, Robert Bickerton, deceased, except the amicable adjustment in relation thereto last above mentioned." I interpret this portion of the answer to substantially aver, that the executrix, who is the

widow of her testator, has never had dower assigned her in her husband's estate; that the land, which was sold, and in the conveyance of which she individually relinquished her dower, electing to take her dower-interest in the proceeds of said sale, brought at the sale, her dower-interest included, the sum of $3,000.00; but that by an arrangement with the heirs she only charged herself with $2,000.00. The $1,000.00 under said arrangement she took for her dower-interest and commission for distributing the estate. Of course she had no right of herself to fix what she was entitled to for her dower-interest; but if she did join in the conveyance including her dower-interest, she was clearly entitled to dower in the purchase-money; and it no where appears in the record, that she has been assigned her dower; and if her answer, as we have interpreted it, is true, she was entitled to have her dower assigned to her, and for that purpose she ought to have been made a defendant to the suit as such widow. The answer being sworn to, and nothing appearing in the record showing, that it is not probably true, the court ought to have permitted her answer as executrix to have been filed, and directed her as widow to be made a defendant to the suit, and ought to have enquired into the fact, whether she was entitled to dower in the proceeds of the sale of the land, and if so, to have assigned it to her out of such proceeds.

While we hold that it was error in the court to reject the answer of Isabella Bickerton, executrix, &c., yet if the rejection of the answer was not to her prejudice, it would not be an error, of which she could complain, and in this case we do not decide, under what circumstances the rejection of an answer, that ought to have been permitted to be filed, would not be prejudicial to the party tendering it; yet, as we have seen, it was to the prejudice of the defendant, Isabella Bickerton, to reject her answer, the court should have permitted the defendant to file it.

It is insisted, that the personal representatives of the co-sureties of Robert Bickerton in the executorial bond of Thomas Grey should have been made defendants to the bill. In *Montague's ex'r* v. *Turpin's adm'r et al.*, 8 Gratt. 453 it was held, that where two of three obligors in a bond are dead, insolvent, and there is no personal representative of

either of them, the obligee coming into a court of equity to enforce payment of the debt against the personal representatives of the other obligor is not bound to have personal representatives of the deceased insolvent obligors appointed and make them parties.   And this specially where the defendant has not by his answer, or in any other mode of pleading, objected to the failure to make them parties.   And so, I think, if they were insolvent, and their insolvency was alleged in the bill as a reason for not making their personal representatives parties, it is not necessary to make them parties.   But in that case the plaintiff takes the risk of their insolvency being denied in the answer; and when so denied, unless the allegation of insolvency is proved, no decree can be rendered, unless their personal representatives are before the court.

In a suit in equity for contribution it is generally necessary to have the personal representatives of every deceased solvent co-surety of the plaintiff before the court, and to settle the estates of such deceased co-sureties, if need be ; or if such deceased parties had no personal estate but owned real estate, it would in such a suit be necessary to have the heirs of such deceased sureties before the court, to the end that the whole matter might be settled in one suit, and proper contribution be made by each party or estate, real, or personal, liable to contribution, unless the party claiming contribution, who is entitled thereto, elect to take a decree against the defendant sued in full discharge of his liability the least amount which he would be entitled to recover against him, if all the sureties were solvent.

It is insisted, that the said Thomas Grey should have been made a defendant.   The bill alleges, that he is entirely insolvent, and the answer tendered does not deny it.   I cannot therefore see the necessity of making him a party to the suit.

It is also insisted, that the heirs of Robert Bickerton ought to have been made parties.   There was no necessity for making them parties.   The bill alleges, that the land was sold and converted into personalty under the provisions of the will which is uncontroverted.   The course of descent was clearly broken by the will.

It seems to me from the record before the court, as appears in the allegations of the bill, that there ought not to have

been any decree against William Wilson for any sum, as by the proceedings had under chapter 87 of the Code he seems to have been released from all liability by the giving of the new bond. Section 11 of that chapter declares, that "every bond executed with sureties under either of the two preceding sections shall, without any express provisions to that effect, relate back to the time of the qualification of the fiduciary, and bind the obligors therein for the faithful discharge of the duties of his office or trust from that time as effectually, as if it had been then executed; and the sureties in the former bond and their representatives shall upon the execution of such new bond be forthwith discharged, except as to any matter for which a suit may be then depending upon the former bond against any such sureties or their representatives, in which case such suit may be prosecuted to judgment or decree; but as to every such matter the new bond shall, without any express provision therein to that effect, bind the obligors therein to indemnify the sureties in the former bond against all loss or damage in consequence of executing the former bond." The said eleventh section is substantially the same as the statute, when the first bond was executed. Code of 1860, chap. 39, § 12. This suit was instituted long after the last bond was executed; and of course the surety in the former bond does not come within the exception in said section 11. Upon the record, as it now appears to us, it would seem, that the said William Wilson, surety in the first bond, is not responsible for the plaintiff's claim, but that question is not now determined.

For the foregoing reasons the decree rendered in this cause on the 20th day of May, 1878, must be reversed, and the appellees John Bruce and Thomas Ratcliff must pay to the appellants the costs of this appeal; and this cause is remanded to the Municipal Court of Wheeling for further proceedings therein to be had.

JUDGES HAYMOND AND GREEN CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.